IKUTA, Circuit Judge,
concurring.
The majority errs in declining to answer the question raised by the parties: whether the government’s stipulation to a grant of voluntary departure under 8 C.F.R. § 1240.26(b)(2) deprives the IJ of discretion to deny that form of relief.
The majority’s ruling elides the fact that the parties offer two competing interpretations of § 1240.26(b)(2). Under Soria-Garibay’s interpretation of this regulation, when DHS makes a stipulation under § 1240.26(b)(2), as it did here, the IJ has a mandatory duty to grant voluntary departure to the alien, regardless of any qualifications DHS tries to include in its stipulation. The government offers a different interpretation of § 1240.26(b)(2): it claims that DHS’s stipulation merely allows the IJ to consider an otherwise untimely request for voluntary departure, but does not deprive the IJ of the discretion to grant or deny such relief.
The majority holds that we need not reach this interpretative question because “DHS made clear that the purpose of its § 1240.26(b)(2) stipulation was only to allow the IJ to consider Soria-Garibay’s otherwise untimely request for voluntary departure.” Maj. Op. at 941. But this ruling sub silentio adopts DHS’s interpretation. If Soria-Garibay’s interpretation were correct, DHS’s remarks about its intent in making the stipulation under *942 § 1240.26(b)(2) would be legally insignificant.
Rather than implicitly deciding the interpretative question before us, I would make our holding express by deferring to the BIA’s reasonable interpretation of the regulation. When the BIA interprets its own ambiguous regulation, this interpretation “controls so long as it is reasonable, that is, so long as the interpretation sensibly conforms to the purpose and wording of the regulations.” Lezama-Garcia v. Holder, 666 F.3d 518, 525 (9th Cir.2011) (internal quotation marks omitted). Here, § 1240.26(b)(1)(ii) provides that if an alien makes an untimely request for voluntary departure, the IJ is barred from granting such relief unless DHS stipulates to such relief under § 1240.26(b)(2). But as explained elsewhere in the regulations, when DHS stipulates to such relief under § 1240.26(b)(2), it “[j]oin[s] in a motion asking the immigration judge to permit voluntary departure.” 8 C.F.R. § 240.25. Reading these regulations together, the BIA could reasonably determine that when DHS made the stipulation required under § 1240.26(b)(2), the IJ retained discretion to deny a grant of voluntary departure, as it did here.
Because I would defer to the BIA’s interpretation of § 1240.26(b)(2), and uphold the IJ’s exercise of discretion, I concur in the result only.